B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Gloribel Torres Arroyo | DEFENDANTS<br>Ubaldo Torres Rios |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Edgardo Veguilla Gonzalez<br>30 Calle Padial Suite 244, Caguas PR 00725<br>Tel/Fax. (787) 704-3737 | **ATTORNEYS** (If Known)<br>ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 193677, SAN JUAN, PR 00919-3677<br>Tel. 787 744-7699 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Determination of Non-Dischargeability of Divorce Decree Obligation (11 U.S.C. Sec. 523 (a)(15))

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability – §523(a)(5), domestic support
☐ 68-Dischargeability – §523(a)(6), willful and malicious injury
☐ 63-Dischargeability – §523(a)(8), student loan
☑ 64-Dischargeability – §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ xxx |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||| 
|---|---|---|---|
| NAME OF DEBTOR<br>Ubaldo Torres Rios | | BANKRUPTCY CASE NO.<br>08-04496-ESL7 ||
| DISTRICT IN WHICH CASE IS PENDING<br>District of Puerto Rico || DIVISION OFFICE | NAME OF JUDGE<br>Hon. Enrique S. Lamoutte |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>7/8/2011 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Edgardo Veguilla Gonzalez, Esq. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: <br> **UBALDO TORRES RIOS** <br> Debtor | **CASE NO. 08-04496-ESL7** <br><br> Chapter 7 |
| **GLORIBEL TORRES ARROYO** <br> Plaintiff <br> vs. <br> **UBALDO TORRES RIOS** <br> Defendant | **ADV. NO. 11-**_____ |

# COMPLAINT

**TO THE HONORABLE COURT:**

**NOW COMES,** plaintiff Gloribel Torres Arroyo, through the undersigned attorney, and very respectfully states and prays:

1. This is a core proceeding over which this court has jurisdiction pursuant to 28 U.S.C. §§1334 and 157(a) and (b), and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).

2. This is an adversary proceeding in which Plaintiff is objecting to the dischargeability of debts of Debtor-Defendant with Plaintiff in the above-captioned bankruptcy case of Ubaldo Torres Rios, pursuant to 11 U.S.C. § 523(a)(15).

3. Defendant Ubaldo Torres Rios is the Debtor in this case, since originally filed under Chapter 13 on June 11, 2008 and converted to a case under Chapter 7 on April 12, 2011.

4. Gloribel Torres Arroyo is a creditor of the estate, having been first included as such by amendment to Schedule F on May 19, 2011, in the amount of $4068.74. Debtor-defendant listed the debt of Plaintiff as a general unsecured and disputed claim.

5. Upon its investigation of the present case, Gloribel Torres Arroyo affirms that debtor is not entitled to the discharge of the debt belonging to Plaintiff.

6. Plaintiff respectfully request this Honorable Court to rule the non-dischargeability of Debtor's indebtedness to Gloribel Torres Arroyo, pursuant to Section 523(a)(15) of the U.S. Bankruptcy Code.

7. On August, 21, 1998, Debtor Ubaldo Torres Rios and Creditor Gloribel Torres Arroyo were divorced, as ruled by divorce decree of the Court of First Instance of Puerto Rico, Caguas Courtroom, on case EDI 1998-0256(613) (Decree attached).

8. Incorporated in the decree were the stipulations reached in the separation agreement filed and signed by Debtor Ubaldo Torres Rios and Creditor Gloribel Torres Arroyo (Stipulation attached).

9. Under Stipulation IV (B), Ubaldo Torres Rios agreed, and was bound by decree, to pay the amount of $4,069.11 directly to Gloribel Torres Arroyo, divided in monthly payments, so that Gloribel Torres Arroyo could in turn pay the balances of three creditors, namely JC Penney ($625.40), First Bank Visa ($825.03) and CommoLoco ($2,618.68).

10. After the divorce decree, Debtor-defendant never made any of the agreed payments to Plaintiff, while Plaintiff fulfilled her obligation under the separation agreement and paid the above mentioned creditors.

11. On January 26, 2011, Plaintiff filed a pro-se motion with the Court of First Instance to compel Debtor-defendant to pay the owed amount pursuant to the divorce decree and the separation agreement, plus interests.

12. On March 11, 2011 Debtor-defendant filed a motion with the Court of First Instance informing the Court, and Plaintiff for the first time, of the existence of the bankruptcy case under Chapter 13. On that same day, Debtor-defendant requested conversion from a Chapter 13 case to a Chapter 7 case (Docket #24). The State Court proceeding is now stayed.

## EXCEPTION OF DISCHARGEABILITY OF DEBT

13. Pursuant to the aforementioned facts and Section 523(a)(15) of the Bankruptcy Code, the dischargeability of Debtor's indebtedness to Gloribel Torres Arroyo should be denied.

14. Section 523(a)(15) creates an exception from discharge of debts to a spouse, former spouse, or child of the debtor that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

15. The discharge of debts has not been granted in the present case.

## REVOCATION OF DISCHARGE

17. To the extent that Debtor may claim that the deadline for filing of objections to discharge has expired, this Honorable Court shall revoke Debtors' discharge under Section 727(d)(1) of the Bankruptcy Code.

**WHEREFORE,** Plaintiffs pray that this Honorable Court enter judgment denying the dischargeability of Debtor's indebtedness with Gloribel Torres Arroyo under Section 523(a)(15) of the Bankruptcy Code, and that Plaintiff have such other and further relief as is just, including reasonable costs and attorney's fees.

**WE HEREBY CERTIFY** that a true and exact copy of this Complaint and the corresponding summons have been forwarded by certified mail, return receipt requested or by electronic means to **Debtor, Ubaldo Torres Rios,** Urb. Bairoa AS 16, 29 Street, Caguas, PR 00725; his attorney of record **Brother Counsel Roberto Figueroa Carrasquillo**, PO Box 193677, San Juan, PR 00919–3677; and **Noreen Wiscovitch Rentas, Trustee,** PO Box 20438 West Palm Beach, FL 33416, and noreen@nwr-law.com.

In Caguas, Puerto Rico, this 8th day of July, 2011.

**Edgardo Veguilla González**
**USDC No. 219912**
Attorney for Debtor
30 Calle Padial Suite 244
Caguas PR 00725
Tel/Fax. (787) 704-3737
edgardoveguilla@gmail.com

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE CAGUAS

| | | |
|---|---|---|
| GLORIBEL TORRES ARROYO, | * | CIVIL NUM.: EDI 98-0256 (613) |
| UBALDO TORRES RIOS | * | |
| Peticionarios | * | SOBRE: DIVORCIO |
| | * | |
| EX PARTE | * | (CONSENTIMIENTO MUTUO) |

SENTENCIA

A la vista del caso de epígrafe, comparecieron los peticionarios asistidos por sus respectivos abogados.

Mediante examen oral a las partes, el Tribunal se ha cerciorado de que la decisión de solicitar conjuntamente la disolución del vínculo matrimonial no es producto de la irreflexión o de la coarción.

En virtud de la resuelto por nuestro Tribunal Supremo en el caso de Figueroa Ferrer v. Estado Libre Asociado de Puerto Rico, 107 D.P.R. 250, (1978), el Tribunal declara roto y disuelto el vínculo matrimonial que une a los peticionarios en el caso de epígrafe.

El matrimonio aquí disuelto se contrajo el 18 de junio de 1994, en Aibonito, Puerto Rico.

Los acuerdos de las partes contenidos en la estipulación presentada ante ese Tribunal, se aprueban y se hacen formar parte de esta Sentencia. Las Partes deberán dar fiel cumplimiento a los mismos.

REGISTRESE Y NOTIFIQUESE.

DADA, en Caguas, Puerto Rico, hoy 21 de agosto de 1998.

Ramón G. Buitrago
JUEZ DEL TRIBUNAL DE PRIMERA INSTANCIA

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAGUAS

| | | |
|---|---|---|
| GLORIBEL TORRES ARROYO, | * | CIVIL NUM.: EDI 98-0256 (613) |
| UBALDO TORRES RIOS | * | |
| Peticionarios | * | SOBRE:  DIVORCIO |
| | * | |
| EX PARTE | * | (CONSENTIMIENTO MUTUO) |

**ACUERDOS Y/O ESTIPULACIONES**

AL HONORABLE TRIBUNAL:

COMPARECEN los peticionarios y someten los siguientes acuerdos y/o estipulaciones:

I. CUSTODIA Y PATRIA POTESTAD:

Por no haberse procreado hijos durante el matrimonio no se estipula nada al respecto.

II. RELACIONES PATERNO-FILIALES:



Por no haberse procreado hijos durante el matrimonio no se estipula nada al respecto.

III. PENSION ALIMENTARIA:

Los comparecientes estipulan que no habrá pensión alimentaria entre la partes al momemto.

IV. BIENES GANANCIALES:

Los bienes gananciales se dividiran de la siguiente forma:

A. La peticionaria, Gloribel Torres Arroyo, quedará como única y exclusiva propietaria de los bienes muebles adquiridos durante el matrimonio.

B. El peticionario, Ubaldo Torres Ríos, quedará como responsable de los balances que se detallan a continuación.

1. Seiscientos veinticinco dólares con cuarenta centavos ($625.40) adeudados a JC Penney, cuenta número 1850454198..

2. Ochocientos veinticinco dólares con tres centavos ($825.03) adeudados a la Tarjeta Visa del First Bank, cuenta número 4509630000209371.

3. Dos mil seiscientos dieciocho dólares con sesenta y ocho centavos ($2,618.68) adeudado a CommoLoco, cuenta número 4388455512.

El peticionario remitirá un pago mensual directamente a la peticionaria hasta saldar la suma total de cuatro mil sesenta y nueve dólares con once centavos ($4,069.11). Será la peticionaria la responsable de hacer los pagos a los acreedores antes señalados.

C.  La peticionaria, Gloribel Torres Arroyo, quedará como única y exclusiva responsable de las siguientes deudas:

1. Préstamo con Island Finance con un balance de cuatro mil trescientos dólares con ochenta centavos ($4,300.80), cuenta número 507279679.

2. Préstamo con Banco Popular de Puerto Rico con un balance de once mil doscientos setenta y cinco ($11,275.00), cuenta número 10100150401060001.

3. Préstamo con First Bank con un balance de nueve mil novecientos cincuenta y un dólares con cuarenta y ocho centavos ($9,951.48), cuenta número 803000005874.

Y PARA QUE ASI CONSTE, suscribimos el presente documento.

En Caguas, Puerto Rico a 30 de julio de 1998.

_____     _____
GLORIBEL TORRES ARROYO                         UBALDO TORRES RIOS
Peticionaria                                                  Peticionario

